T.C. Memo. 1995-600


UNITED STATES TAX COURT


NORWEST CORPORATION AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13908-92.          Filed December 20, 1995.


<u>Mark Alan Hager</u>, <u>Robert James Jones</u>, <u>Thomas Richard Dwyer</u>, and
<u>Susan K. Matlow</u>, for petitioner.

<u>Robert M. Ratchford</u> and <u>Dana E. Hundrieser</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>:  This matter is before the Court on respondent's motion, and petitioner's cross-motion, for partial summary judgment pursuant to Rule 121.  Both parties submitted memoranda in support of their positions.

Our task in connection with these motions is to determine the proper methodology to be used in calculating the amount of petitioner's "regular tax deduction" for purposes of computing its minimum tax liability under section 56 for the years at issue.

All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years at issue.

Background

Petitioner is a group of affiliated corporations, the common parent of which is Norwest Corporation. At the time the petition was filed, petitioner's principal place of business was Minneapolis, Minnesota.

During each of the years at issue herein (1983, 1984, and 1986), the affiliated group filed consolidated Federal income tax returns. On these consolidated returns, petitioner reported the amount of its minimum tax under section 56(a) by computing what each member's minimum tax liability would have been had it filed a separate return and then aggregated these amounts. In computing each member's minimum tax liability, petitioner calculated each member's tax preference items, as well as each member's regular tax deduction, on a separate return basis.

Respondent determined that petitioner improperly calculated its regular tax deduction which, according to respondent, resulted in petitioner's overstating its regular tax deduction and understating its consolidated minimum tax liability. Consequently,

respondent recomputed petitioner's regular tax deduction and minimum tax. These recomputations resulted in deficiencies in petitioner's income taxes for 1983, 1984, and 1986.

Statutory Minimum Tax Provisions

Section 56(a) imposes a corporate minimum tax of 15 percent on "items of tax preference"[1] to the extent the sum of such items exceeds the greater of $10,000 or the regular tax deduction (defined by section 56(c)). Section 56 provides in pertinent part:

> (a) GENERAL RULE.--In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every corporation, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of--
>
> (1) $10,000, or
>
> (2) the regular tax deduction for the taxable year (as determined under subsection (c)).
>
>      *     *     *     *     *     *     *
>
> (c) REGULAR TAX DEDUCTION DEFINED.--For purposes of this section, the term "regular tax deduction" means an amount equal to the taxes imposed by this chapter for the taxable year (computed without regard to this part * * *

Petitioner contends that its minimum tax computation (including the calculation of its regular tax deduction) should be done on a separate return basis. To support this position, petitioner relies on that portion of section 56(a) that imposes a minimum tax "with respect to the income of every corporation". On

---

[1] Items of tax preference are set forth in sec. 57(a) and include benefits such as accelerated depreciation and the tax reduction for capital gains.

the other hand, respondent contends that where the taxpayer is an affiliated group of corporations that files a consolidated income tax return (such as petitioner in this case), the total "regular tax deduction" allowed the group must equal "the taxes imposed by chapter 1 of the Code and, in this regard, the tax imposed on the affiliated group is the tax assessed against its consolidated income." We agree with respondent's position.

Petitioner's Method of Allocation

For each of the years at issue, petitioner calculated the minimum tax liability for each member of the group on a separate entity basis. Each member's separate preference items were calculated pursuant to section 57, and then the 15-percent minimum tax rate was applied to the excess of each member's separate preference items over the member's regular tax deduction.

The regular tax deduction for each member was the amount of regular tax liability allocated to that member pursuant to the method set forth in section 1552(a)(2) and 1.1502-33(d)(2)(ii), Income Tax Regs.[2] The consolidated tax of the group was allocated

_____

[2] Sec. 1552 requires that in determining a member's earnings and profits for a particular year, the tax liability of the group for such year must be allocated among the members pursuant to one of several methods set forth in sec. 1552(a)((1)-(4)) that is elected (pursuant to regulations prescribed by the Secretary) in the first consolidated return filed by the group. On its first consolidated return (which was filed for the 1971 tax year), petitioner elected to allocate the tax liability of the group among its members in accordance with sec. 1552(a)(2) and sec. 1.1502-33(d)(ii), Income Tax Regs.

(continued...)

among those members that had taxable income for the year.  This allocation was based on the ratio that each member's regular tax

---

[2](...continued)
Sec. 1552(a)(2) provides:

The tax liability of the group shall be allocated to the several members of the group on the basis of the percentage of the total tax which the tax of such member if computed on a separate return would bear to the total amount of the taxes for all members of the group so computed.

Sec. 1.1502-33(d)(2)(ii), Income Tax Regs., provides:

(ii)(a) The tax liability of the group, as determined under paragraph (b)(1) of sec. 1.1552-1, shall be allocated to the members in accordance with paragraph (a)(1), (2), or (3) of sec. 1.1552-1, whichever is applicable;

(b) An additional amount shall be allocated to each member equal to a fixed percentage (which does not exceed 100 percent) of the excess, if any, of (1) the separate return tax liability of such member for the taxable year (computed as provided in paragraph (a)(2)(ii) of sec. 1.1552-1), over (2) the tax liability allocated to such member in accordance with (a) of this subdivision (ii); and

(c) The total of any additional amounts allocated pursuant to (b) of this subdivision (ii) (including amounts allocated as a result of a carryback) shall be credited to the earnings and profits of those members which had items of income, deductions, or credits to which such total is attributable pursuant to a consistent method which fairly reflects such items of income, deductions, or credits, and which is substantiated by specific records maintained by the group for such purpose.

(computed on a separate return basis) bore to the sum of the separate return regular taxes of all the members. An additional amount of tax was then allocated to each member that had positive taxable income. The additional amount allocated was the excess of the member's separate return tax over the tax already allocated to the member.

As support for its computation of its corporate minimum tax, petitioner posits that, in the absence of specific statutory or regulatory guidance, it was reasonable for petitioner to calculate the section 56(c) deduction for "taxes imposed" by using the methodology set forth in the consolidated return regulations. Petitioner contends that its calulation of the section 56(c) regular tax deduction "simply followed the dictates" of that part of section 1.1552-1(b)(2), Income Tax Regs., which provides:

> The amount of tax liability allocated to a corporation as its share of the tax liability of the group * * * [under the 1502-33(d) Method] shall (i) result in a decrease in the earnings and profits of such corporation in such amount, and (ii) be treated as a liability of such corporation for such amount. * * * (Emphasis added.)

As previously noted, section 1.1502-33(d), Income Tax Regs., relates to the allocation of the group's tax in determining a member's earnings and profits. We fail to see any meaningful relationship between the allocation required in section 1552 and the determination of the regular tax deduction for purposes of section 56.

Further, petitioner quotes only a portion of section 1.1552-

1(b)(2), Income Tax Regs. In addition to the portion cited by petitioner, section 1.1552-1(b)(2), Income Tax Regs., provides:

> If the full amount of such liability is not paid by such corporation, pursuant to an agreement among the members of the group or otherwise, the amount which is not paid will generally be treated as a distribution with respect to stock, a contribution to capital, or a combination thereof, as the case may be.

Respondent argues, and we agree, that section 1.1552-1(b)(2), Income Tax Regs., involves the allocation of an intercompany liability that is not the kind of tax liability contemplated by section 56(c). Respondent also notes, and we also agree, that under petitioner's methodology, the section 56(c) regular tax deduction generally will exceed the amount of tax paid on the consolidated taxable income of the affiliated group.

Deduction For Taxes Imposed

The "regular tax deduction" is defined in section 56(c) as an amount equal to the "taxes imposed" by Chapter 1 of the Code. The phrase "taxes imposed", in the context of the alternative minimum tax for noncorporate taxpayers, was construed by this Court in Sparrow v. Commissioner, 86 T.C. 929 (1986). Sparrow involved a determination of the amount of "regular tax" to be used by individual taxpayers in computing liability for the alternative minimum tax under section 55. Like section 56(c), section 55(b)(2) defined the "regular tax" as the amount equal to the "taxes imposed". The taxpayers in Sparrow used income averaging to determine the tax reported on their return, but did not do so in

calculating the amount of their "regular tax" for alternative minimum tax purposes. We stated:

> Petitioners would have us read * * * [the statute] as defining regular tax as the tax computed under section 1 regardless of the tax actually imposed thereunder. This we cannot do. The statutory language is "taxes imposed."

Id. at 935.

Petitioner distinguishes its situation from that involved in Sparrow by claiming: (1) In Sparrow, two different rate schedules were involved, whereas in this case, there is only one, and (2) Sparrow did not involve a consolidated group of corporate taxpayers. We believe these differences are of no consequence.

The legislative history of the minimum tax also indicates that the regular tax refers to the income tax actually imposed and paid:

> During the last few days I have heard many conversations about what is regarded as inequity contained in the minimum tax provisions of the bill. For one thing, it is said that in the case of a taxpayer not paying any tax under present law, to put a tax of only 5 percent on the amount of his tax preference is terribly low. For another thing, it is said that there are many taxpayers who are paying a substantial amount of tax, but under the bill they would have 5 percent of their tax preferences added on top of their substantial tax bill.

> My amendment seeks to get at these two inequities in this way: First, it provides that those people who are paying taxes can subtract from their tax preferences the amount of their tax. That gives those who are paying some tax a break. It gives those who are paying little or no tax very little break or none at all.

> *     *     *     *     *     *     *

> My amendment does equity. It makes sure that those who are not paying any taxes at all will have to pay at least 10 percent of their tax preferences * * *

115 Cong. Rec. 38,297-38,298 (1969) (statement of Sen. Miller).

We have considered all of petitioner's other arguments and find none persuasive.

In conclusion, we hold that the amount of the section 56(c) deduction is limited to the amount of regular tax imposed on the consolidated taxable income of the affiliated group.

> An order granting respondent's motion for partial summary judgment and denying petitioner's cross-motion will be issued.